UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

MICHAEL C. DuPRATT,

        Defendant.

2:05-CV-0443-MCE-KJM

MEMORANDUM AND ORDER

----oo0oo----

Through this action, the United States of America ("Government") alleges that Defendant Michael C. DuPratt ("Defendant") is in default of a contract entered into between he and the U.S. Public Health Service, Department of Health and Human Services ("HHS").[1]  Specifically, the Government avers Defendant is in breach of his contractual and statutory obligations to repay funds awarded him through the National Health Service Corps Scholarship Program.

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

1

For the reasons set forth below, the Government's Motion for Summary Judgment is GRANTED.

**BACKGROUND**

Defendant Michael C. DuPratt obtained scholarships from the National Health Service Corps ("NHSC") Scholarship Program to fund his pursuit of a medical degree. While attending the College of Ostepathic Medicine of the Pacific, Defendant completed an application and signed a contract to receive a scholarship award for the 1991-1992 school year. He was awarded that scholarship and in 1992, Defendant signed a contract to extend his scholarship through the 1995 school year. During the four year term of his scholarship, Defendant received funds totaling $123,337.00 representing tuition, fees, stipends and other miscellaneous costs.

The foregoing awards were made upon the express condition that, after completing his education, Defendant would serve in full time clinical practice as a commissioned officer in the Regular or Reserve Corps of the Public Health Service, or as a civilian member of the NHSC. Defendant was to serve one year of obligated service for each year of scholarship support with a minimum obligation of two years. Since Defendant received four years of scholarship awards, he was committed to serve four years of obligated service as described above. Defendant's commitment to begin service was deferred pending a five year residency in Family Practice and General Psychiatry at the University of California.

In May 1999, after completing four years of his five year residency, Defendant was terminated from the University of California's residency program.  On September 10, 1999, Defendant alerted NHSC to his termination and requested an immediate placement in a NHSC facility.  On May 24, 2000, HHS/NHSC informed Defendant he had been placed in service at the Indian Health Service Hospital ("IHS") in Lawton, Oklahoma.  Defendant accepted that assignment and relocated to Lawton, Oklahoma.  However, Defendant was ultimately terminated from his assignment at IHS due to his inability to be granted hospital privileges. Defendant served a total of 364 days of obligated service at IHS.

On May 16, 2002, HHS/NHSC reassigned Defendant to the Federal Correctional Institution in Oakdale, Louisana.  That placement, for various reasons, did not materialize.  Despite numerous requests by Defendant, no further placements were offered and Defendant thereafter was deemed in default of his contract.

**STANDARD**

The Federal Rules of Civil Procedure provide for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses.

3

1 *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

2     Rule 56 also allows a court to grant summary adjudication on
3 part of a claim or defense.  *See* Fed. R. Civ. P. 56(a) ("A party
4 seeking to recover upon a claim ... may ... move ... for a
5 summary judgment in the party's favor upon all or any part
6 thereof."); *see also Allstate Ins. Co. v. Madan*, 889 F. Supp.
7 374, 378-79 (C.D. Cal. 1995); *France Stone Co., Inc. v. Charter*
8 *Township of Monroe*, 790 F. Supp. 707, 710 (E.D. Mich. 1992).

9     The standard that applies to a motion for summary
10 adjudication is the same as that which applies to a motion for
11 summary judgment.  *See* Fed. R. Civ. P. 56(a), 56(c); *Mora v.*
12 *ChemTronics*, 16 F. Supp. 2d. 1192, 1200 (S.D. Cal. 1998).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.

18 *Celotex Corp. v. Catrett*, 477 U.S. at 323(quoting Rule 56(c)).

19     If the moving party meets its initial responsibility, the
20 burden then shifts to the opposing party to establish that a
21 genuine issue as to any material fact actually does exist.
22 *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,
23 585-87 (1986); *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S.
24 253, 288-89 (1968).

25     In attempting to establish the existence of this factual
26 dispute, the opposing party must tender evidence of specific
27 facts in the form of affidavits, and/or admissible discovery
28 material, in support of its contention that the dispute exists.

4

1  Fed. R. Civ. P. 56(e).  The opposing party must demonstrate that
2  the fact in contention is material, i.e., a fact that might
3  affect the outcome of the suit under the governing law, and that
4  the dispute is genuine, i.e., the evidence is such that a
5  reasonable jury could return a verdict for the nonmoving party.
6  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 251-52
7  (1986); *Owens v. Local No. 169, Assoc. of Western Pulp and Paper
8  Workers*, 971 F.2d 347, 355 (9th Cir. 1987).  Stated another way,
9  "before the evidence is left to the jury, there is a preliminary
10 question for the judge, not whether there is literally no
11 evidence, but whether there is any upon which a jury could
12 properly proceed to find a verdict for the party producing it,
13 upon whom the onus of proof is imposed."  *Anderson*, 477 U.S. at
14 251 (quoting *Improvement Co. v. Munson*, 14 Wall. 442, 448, 20
15 L.Ed. 867 (1872)).  As the Supreme Court explained, "[w]hen the
16 moving party has carried its burden under Rule 56(c), its
17 opponent must do more than simply show that there is some
18 metaphysical doubt as to the material facts .... Where the record
19 taken as a whole could not lead a rational trier of fact to find
20 for the nonmoving party, there is no 'genuine issue for trial.'"
21 *Matsushita*, 475 U.S. at 586-87.

22      In resolving a summary judgment motion, the evidence of the
23 opposing party is to be believed, and all reasonable inferences
24 that may be drawn from the facts placed before the court must be
25 drawn in favor of the opposing party.  *Anderson*, 477 U.S. at 255.
26 Nevertheless, inferences are not drawn out of the air, and it is
27 the opposing party's obligation to produce a factual predicate
28 from which the inference may be drawn.

1  *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45
2  (E.D. Cal. 1985).

## ANALYSIS

Pursuant to 42 U.S.C. 254o, the failure by a recipient of an HHS Scholarship to commence or complete service obligations entitles the Government to repayment of three times the principle paid together with the maximum legal prevailing rate of interest. 42 U.S.C. 254o(b)(1). That sum is to be reduced proportionately, however, by the percentage of obligated service performed by the participant. In pertinent part, the statute provides as follows:

> "The United States shall be entitled to recover from the individual an amount determined in accordance with the formula A = 3 [phi] (T - S/T) in which "A" is the amount the United States is entitled to recover, [phi] is the sum of the amounts paid under this subpart to or on behalf of the individual and the interest on such amounts which would be payable if at the time the amounts were paid they were loans bearing interest at the maximum legal prevailing rate, as determined by the Treasurer of the United States; "t" is the total number of months in the individual's period of obligated service; and "s" is the number of months of such period served by him."

*Id.*

It is undisputed that Defendant entered into NHSC scholarship contracts; that he received scholarship funds totaling $123,377.00; that he was obligated to complete four years of obligated service for NHSC; that he did not complete those years of service and that he has not repaid the scholarship money he received.

///
///

6

1  In response to the Government's Motion for Summary Judgment,
2  Defendant's salient contention is that the Government's prior
3  breach of the scholarship contract excuses him from his
4  obligation to perform thereunder.  In reply, the Government
5  correctly asserts that "the obligations of the Secretary [of
6  Health and Human Services] are to be based on statutory and not
7  contractual principles."  *Rendleman v. Bowen*, 860 F.2d 1537, 1542
8  (9th Cir. 1988).  Thus, contract defenses cannot provide a
9  defense for Defendant's undisputed default.  *United States v.*
10 *Citrin*, 972 F.2d 1044, 1049 (9th Cir. 1992).
11      As a secondary basis for opposing the Government's Motion
12 for Summary Judgment, Defendant essentially argues his default is
13 justified as the result of numerous factors outside his control.
14 For example, Defendant alleges that HHS failed to timely place
15 him upon his termination from IHS causing him to resort to
16 opening his own small practice in an effort to preclude financial
17 ruin.  It was only after Defendant invested heavily in this new
18 practice that HHS finally offered him an alternative assignment.
19 While the Court agrees that Defendant appears to have made some
20 effort to meet his obligations under the scholarship contract,
21 that effort does not act to cure his undisputed default.  The
22 default provision of the NHSC Scholarship Program statute is
23 indifferent to reasons for failing to meet the obligated service
24 requirement.  *See* 42 U.S.C. 254o(b)(1).
25 ///
26 ///
27 ///
28 ///

7

1 More precisely, the statute provides that if an individual
2 breaches his written contract by failing for any reason not
3 otherwise specified in the statute to either (i)begin such
4 individual's service obligation, (ii) complete such service
5 obligation, or (iii) complete a required residency, the United
6 States shall be entitled to recover.  Here, it is undisputed
7 Defendant failed to complete his service obligation thereby
8 entitling the Government to damages.

## CONCLUSION

For the foregoing reasons, the Government is entitled to judgment as a matter of law.  With respect to the specific damages owed, the Government is directed to submit an accurate accounting consistent with 42 U.S.C. 254o within ten (10) days twenty (20) days from the date of this order.

IT IS SO ORDERED.

DATED: November 4, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE